# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2022

Lyle W. Cayce
Clerk

No. 21-60292
Summary Calendar

Jeysson Jhovany Cruz-Herrera,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 725 641

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jeysson Jhovany Cruz-Herrera, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision that he was ineligible for asylum, withholding of removal, and relief under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT). He challenges the BIA's conclusions that he has not shown eligibility for asylum and withholding because he failed to show past persecution or a well-founded fear of future persecution. He also challenges the BIA's conclusion that he had not shown eligibility for CAT relief. These arguments are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Cruz-Herrera has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed past persecution or a well-founded fear of future persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992); *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270-71 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Zhang*, 432 F.3d at 344. Consequently, he has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed eligibility for asylum or withholding. *See Vazquez-Guerra*, 7 F.4th at 270-71; *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Because Cruz-Herrera's failure to establish the requisite past persecution or well-founded fear of future persecution is dispositive of his requests for asylum and withholding, we do not reach his other asylum and withholding-related arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, Cruz-Herrera fails to show that the record compels a conclusion contrary to the BIA's that he failed to establish that it was more likely than not that he would be tortured were he repatriated to Honduras by or with the acquiescence of a government official. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019); *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Zhang*, 432 F.3d at 344.

The petition for review is DENIED.